## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JUAN JOSE PEREZ,

               Petitioner,

    v.

KATHY BRITTAIN,

               Respondent.

CIVIL ACTION NO. 3:21-CV-01039

(MEHALCHICK, M.J.)

### MEMORANDUM

This is a habeas corpus action arising under 28 U.S.C. 2254 initiated upon the filing of the petition by *pro se* Petitioner Juan Jose Perez ("Perez") on June 14, 2021. (Doc. 1). In his petition, Perez challenges his August 2017 conviction and October 2017 sentence in the Schuylkill County Court of Common Pleas, Pennsylvania. (Doc. 1, at 1); *see Commonwealth v. Perez*, Docket No. CP-54-CR-0000886-2017 (Schuylkill County C.C.P.). Perez is currently incarcerated at State Correctional Institution at Frackville ("SCI-Frackville") located in Schuylkill County, Pennsylvania. (Doc. 1, at 1). Respondent Kathy Perez, the Superintendent of SCI-Schuylkill ("Respondent"), responded to the petition on September 15, 2021, and Perez filed a traverse on September 30, 2021. (Doc. 14; Doc. 16). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 21).

For the following reasons, Perez's petition will be denied and dismissed with prejudice.

### I.   BACKGROUND AND PROCEDURAL HISTORY

The factual background of the instant petition was summarized by the Superior Court of Pennsylvania in its decision affirming Perez's conviction and sentence:

On December 19, 2016, at around 7:30 a.m., William Murphy (Victim) was

driving along Gilbert Street in Shenandoah, Pennsylvania, when he encountered Appellant, Ramon Delvalle (Delvalle) and Alnaldo Perez–Rodriguez (Perez–Rodriguez), who were on foot. Victim had previously met Appellant on one or two occasions because Appellant worked in the barbershop owned by Victim's uncle. During these prior interactions, Victim and Appellant engaged in casual conversation and Appellant had offered to cut Victim's hair if he ever needed a haircut. Victim was unfamiliar with Delvalle and Perez–Rodriguez.

Upon encountering Appellant, Delvalle, and Perez–Rodriguez, Appellant asked Victim if he needed a haircut, to which Victim responded, "I'll let you know." N.T., 8/24/17, at 30. Appellant then told Victim that the three men needed a ride. Although Victim never agreed to give them a ride, the three men entered Victim's vehicle and Appellant forced him at gunpoint to drive them to Victim's home. Appellant, along with Delvalle and Perez–Rodriguez, forced Victim into his home at gunpoint and held him there for approximately nine hours. Victim's fiancé and children were not home when Victim and the three men arrived.

Appellant, Delvalle, and Perez–Rodriguez proceeded to hold Victim captive in a closet. Although the record is not entirely clear, it was Victim's understanding that Appellant, Delvalle, and Perez–Rodriguez were using Victim to hide out in his house while the local police conducted drug raids throughout Shenandoah. Throughout the day, Victim observed Appellant looking out the window to check for the presence of police. At one point while they were at Victim's house, Appellant made Victim strip naked because he believed Appellant was wearing a wire and working undercover for the police.

When Victim's fiancé arrived home from work, Appellant, Delvalle, and Perez–Rodriguez made Victim drive them to Reading, Pennsylvania. Victim's fiancé was un[a]ware that the three men were forcing Victim to do so at gunpoint. While driving to Reading, Appellant, Delvalle, and Perez–Rodriguez taunted Victim about shooting and killing him with the gun. When they arrived in Reading, Victim and Appellant noticed that a woman in a purple car was following Victim's vehicle. At this time, Appellant, Delvalle, and Perez–Rodriguez fled Victim's car. Victim immediately sped away, returned to his home in Shenandoah, and contacted the police. Victim testified that throughout the entire ordeal, he felt certain that he was going to die.

On March 11, 2017, Appellant was arrested and charged with kidnapping to facilitate the commission of a felony or flight thereafter, criminal conspiracy to commit kidnapping, corruption of minors, kidnapping to inflict bodily injury on or to terrorize the victim or another, unlawful restrain, false imprisonment, simple assault, persons not to possess firearms, and firearms not be carried

without a license. On August 24, 2017, following a jury trial, the
Commonwealth withdrew the charge for kidnapping to facilitate
commission of a felony or flight thereafter. The jury found Appellant not guilty of criminal
conspiracy to commit kidnapping and corruption of minors, but guilty of all
remaining charges.

*Commonwealth v. Perez*, No. 1667 MDA 2017, 2018 WL 1528450, at *1–2 (Pa.
Super. Ct. Mar. 29, 2018)

On October 5, 2017, Perez was sentenced in the Schuylkill County Court of Common

Pleas, Pennsylvania, to twelve and one-half years to twenty years of incarceration for the

crimes of kidnapping, unlawful restraint, false imprisonment, simple assault, persons not to

possess a firearm, and firearms not to be carried without a license. *Commonwealth v. Perez*,

Docket No. CP-54-CR-0000886-2017 (Schuylkill County C.C.P.). The sentence was imposed

after Perez was convicted by a jury. (Doc. 14-14, at 1-14). The victim in the case was William

Murphy. (Doc. 14-8, Trial Tr. 17:5-6, Aug. 24, 2017).

On October 24, 2017, Perez filed a notice of appeal to the Superior Court of

Pennsylvania, challenging his conviction/sentence on the bases of insufficient evidence and

trial court error in allowing prejudicial statements in front of jury. (Doc. 1, at 2). The Superior

Court denied Perez's appeal via order and opinion on March 29, 2018. (Doc. 1, at 2; Doc. 14-

2, at 1-8). Perez is currently serving his sentence at SCI-Frackville. (Doc. 1, at 1).

A. PCRA Court Proceedings

On February 21, 2019, Perez filed his original *pro se* Post Conviction Relief Act

("PCRA") petition in the Schuylkill County Court of Common Pleas (hereinafter, "PCRA

court"). (Doc. 1, at 3; Doc. 14-3). On May 28, 2019, court-appointed PCRA counsel filed an

amended PCRA petition raising the following grounds for relief: (1) ineffective assistance of

trial counsel for failing to investigate witnesses or call witnesses willing to testify on Perez's

behalf; (2) ineffective assistance of trial counsel for failing to use the transcript of the co-Defendant's preliminary hearing to impeach the alleged victim at trial; and (3) ineffective assistance of trial counsel for not moving for a new trial at the conclusion of the case preserving the right to pursue a weight of the evidence claim. (Doc. 1, at 3; Doc. 14-3). After holding evidentiary hearings on June 27, 2019, and July 16, 2019, the PCRA Court issued an order and opinion denying PCRA relief on September 2, 2020. (Doc. 14-4). On September 25, 2020, Perez filed a notice of appeal to the Superior Court. (Doc. 14-6). On May 24, 2021, the PCRA court's denial of relief was affirmed by the Superior Court. (Doc. 14-6).

### B. PEREZ'S HABEAS PETITION

Perez initiated the present action by filing his petition in the United States District Court for the Middle District of Pennsylvania on June 14, 2021. (Doc. 1). On August 25, 2021, the Court filed a Rule 5 Order directing Respondent to file a response to said writ of habeas corpus. (Doc. 11; Doc. 12). On September 15, 2021, Respondent filed a response to Perez's petition. (Doc. 14). Respondent contends "it is clear based on the prior history of the case that the petition for writ of habeas corpus is without merit." (Doc. 14, ¶ 17). On September 30, 2021, Perez filed a traverse. (Doc. 16).

Perez's habeas petition has been fully briefed and is now ripe for review and disposition. (Doc. 1; Doc. 14; Doc. 16).

### I. HABEAS CLAIMS PRESENTED

Perez presents the following grounds for relief in his federal habeas petition:

1) Ineffective assistance of trial counsel for failing to investigate witnesses or call witnesses willing to testify on Perez's behalf;

2) Ineffective assistance of trial counsel for stipulating that Perez was a person not to possess a firearm instead of seeking bifurcated trial;

- 4 -

3) Ineffective assistance of trial and appellate counsel for not moving for a new trial at the conclusion of the case preserving the right to pursue a weight of the evidence claim; and

4) Ineffective assistance of trial counsel for failing to argue before or during trial that the identification of Perez as the perpetrator of the crimes was unduly suggestive.

## II. LEGAL STANDARD

Perez brings his petition pursuant to 28 U.S.C. § 2254, which permits federal courts to issue habeas corpus relief for persons in state custody. While a prisoner may properly challenge the "fact or duration" of his confinement through a § 2254 petition, the statute sets "several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Preiser v. Rodriguez*, 411 U.S. 475 498-99 (1973). Further, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."). Rather, federal habeas review is limited to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68. As such, a writ of habeas corpus is an " 'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 141, 146 (1998)).

The statutory text of § 2254 additionally requires that federal courts give the appropriate deference to the legal rulings and factual findings of state courts made during criminal proceedings, and provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Given these deferential standards of review, federal courts frequently decline invitations by habeas petitioners to disturb the considered views of state courts. *See Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *see also Warren v. Kyler*, 422 F.3d 132, 139-40 (3d Cir. 2006); *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002). Nevertheless, with respect to § 2254(d)(1), the Supreme Court defines "clearly established federal law" as "holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Further, to warrant relief under § 2254(d)(1), a state court's "unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). Regarding 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a State court shall be presumed to be correct" unless a petitioner can show, by clear and convincing evidence, that the finding was erroneous. 28 U.S.C. § 2254(e)(1); *see also*

*Simmons v. Beard*, 590 F.3d 223, 231 (3d Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Moreover, habeas relief will not be granted pursuant to § 2254(d)(2) if a reasonable basis existed for the state court to make its factual finding. *See Burt v. Titlow*, 571 U.S. 12, 18 (2013).

**III.   DISCUSSION**

   A.  EXHAUSTION AND PROCEDURAL DEFAULT

Respondent argues that one of Perez's claims was not preserved at any state court proceeding, and thus barred from habeas review. (Doc. 14, ¶ 16). Specifically, Respondent contends Ground Four of Perez's habeas petition, ineffective assistance of counsel for failing to argue before or during trial that the identification of Perez as the perpetrator of the crimes was unduly suggestive, has been waived as no identification issue was ever litigated in state court. (Doc. 14, ¶ 16).

Generally, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan*, 526 U.S. at 845 ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process."). The United States Court of Appeals for the Third

Circuit has further explained that, to "fairly present" a claim for exhaustion purposes, the petitioner must advance "a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)). Such notice may be conveyed through a petitioner's:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*McCandless*, 172 F.3d at 261–62 (citing *Evans v. Court of Common Pleas, Del. County, Pa.*, 959 F.2d 1227 (3d Cir. 1992))

Exhaustion under the AEDPA also "turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan*, 526 U.S. at 847. In Pennsylvania, a federal claim is deemed exhausted once it is presented to the Superior Court of Pennsylvania—either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief—because the Pennsylvania Supreme Court is not considered an "available" state court remedy. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (declaring review from the Pennsylvania Supreme Court to be "unavailable" for purposes of exhausting state court remedies). However, "a claim will be deemed unexhausted if the petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented,' but has failed to do so." *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017), *cert. denied sub nom. Wilkerson v. Lane*, 138 S. Ct. 1170 (2018) (citing 28 U.S.C. § 2254(c)).

- 8 -

On the other hand, "[w]hen a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). In such situations, a claim is deemed "procedurally defaulted,[15] not unexhausted, and . . . may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default." *Wenger v. Frank*, 266 F.3d 218, 223–24 (3d Cir. 2001); *see also Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Wilkerson*, 871 F.3d at 228 ("If a petitioner's federal claim was not 'fairly presented,' and further state-court review is no longer available under state law, the claim is 'procedurally defaulted' . . .") (quotations omitted). Specifically, procedural default may be excused if a petitioner can demonstrate "cause" for the defaulted claim, and "prejudice therefrom," or that a "failure to review his federal claim will result in a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *see also Coleman*, 501 U.S. at 750.

In Ground Four of his federal habeas petition, Perez asserts that his trial counsel provided ineffective assistance for failing to argue before or during trial that the identification of Perez as the perpetrator of the crimes was unduly suggestive. (Doc. 1, at 9). Perez asserts:

> When police interviewed the victim at his ho[m]e concerning this incident, he said he did not know any of the alleged attackers. The police asked him if one of them could be "Montana" to which he said he didn't know. The police then showed him one solitary picture of [Perez], and the victim allegedly then identified [Perez]. This is unduly suggestive and extremely prejudicial.

(Doc. 1, at 9).

Perez admits that Ground Four was not raised through a PCRA petition and maintains that he asked PCRA counsel to include this issue in his amendment to the *pro se* PCRA petition, but PCRA counsel failed to do so. (Doc. 1, at 9). To support this assertion, Perez attaches a letter to PCRA counsel dated March 9, 2019, which asks his PCRA counsel to raise and amend the issue of unduly suggestive identification in the amended PCRA petition. (Doc. 1, at 15). In her answer, Respondent asserts that Ground Four was not preserved and is waived because Perez failed to raise this issue in state court at any proceeding. (Doc. 14, ¶ 16). In response, Perez argues that the procedural default of Ground Four should be excused because he is not allowed to raise issues himself once counsel is appointed, PCRA counsel was informed to raise the issue, and PCRA counsel failed to do include the issue in the amended PCRA petition. (Doc. 16, at 1).

Upon consideration of the record, the Court finds that Ground Four of Perez's petition is simply unexhausted. The tenets underlying the doctrine of exhaustion have particular weight in this case since Perez's unexhausted claim includes allegations of trial court error. The state courts should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. *O'Sullivan*, 526 U.S. at 844. Accordingly, the Court declines Perez's invitation to pass upon this unexhausted and procedurally defaulted claim.

The alleged instance of ineffective assistance of counsel set forth in Ground Four, in addition to being unexhausted, is legally and factually undeveloped as presented for the Court's consideration. Perez not only fails to set forth evidence that this instances of

misconduct took place, but also fails to state how this instances of misconduct prejudiced his criminal trial or would have changed the outcome. Without these key elements, Perez has failed to meet his burden to set forth a cognizable habeas corpus claim. *See Riccardi v. Smith*, No. 1:19-CV-1289, 2020 WL 1497853, at *9 (M.D. Pa. Jan. 27, 2020), *report and recommendation adopted,* No. 1:19-CV-01289, 2020 WL 1467304 (M.D. Pa. Mar. 26, 2020) (denying habeas relief where petitioner failed to exhaust claims in state court or develop factual and legal issues for federal court consideration).

To the extent that Perez attempts to argue that there is "cause" to excuse this default because his PCRA counsel was ineffective for failing to develop this claim, the Court disagrees. Section 2254 plainly states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Further, the Supreme Court has stated that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and consequently, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman*, 501 U.S. at 752 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987) and *Wainwright v. Torna*, 455 U.S. 586 (1982)); *see also Holman v. Gillis*, 58 F. Supp. 2d 587, 597 (E.D. Pa. 1999) (stating that "a claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States").

Under the *Coleman* standard, Perez has no cognizable claim that his PCRA counsel was ineffective. Moreover, to the extent that Perez argues that his claim fits within the narrow

exception announced by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court

disagrees. *Martinez* held:

> Where, under state law, claims of ineffective assistance of trial counsel must be
> raised in an initial-review collateral proceeding, a procedural default will not
> bar a federal habeas court from hearing a substantial claim of ineffective
> assistance at trial if, in the initial-review collateral proceeding, there was no
> counsel or counsel in th[e] proceeding [that] was ineffective.

> *Martinez*, 566 U.S. at 17.

The *Martinez* exception to the procedural default doctrine is narrow in that it provides a

petitioner with a method to establish "cause" for procedural default on an ineffectiveness

claim at trial by asserting that post-conviction counsel was also ineffective in failing to

preserve the claim for review. *Martinez*, 566 U.S. at 17. It does not, however, allow a petitioner

to rely on the ineffectiveness of post-conviction counsel as a ground for relief, as that is

precluded by § 2254(i). *Martinez*, 566 U.S. at 17.Therefore, to the extent that Perez seeks

substantive relief on the ground that his PCRA counsel was ineffective, such relief should be

denied. *See Riccardi*, 2020 WL 1497853, at *11.

Further, to the extent Perez seeks to use PCRA counsel's alleged ineffectiveness as

"cause" to excuse procedural default of his unexhausted ineffective assistance claim, he has

not met his burden of proving cause and prejudice. Under *Martinez*, the failure to raise a claim

in a PCRA petition is excused only if counsel rendered ineffective assistance in developing,

or failing to develop, the claim. *Martinez*, 566 U.S. at 21-22. Additionally, the claim of

ineffective assistance of trial counsel that was not raised must be a substantial one—that is, it

must have some merit. *Martinez*, 566 U.S. at 14. This is a very high standard, as counsel is

"strongly presumed to have rendered adequate assistance and made all significant decisions

in the exercise of reasonable professional judgment." *Burt*, 571 U.S. 12 (2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

In this case, Perez's claim of ineffective assistance by post-conviction counsel set forth in Ground Four does not meet the *Martinez* standard. Based on the trial and Superior Court's treatment of the issues, PCRA counsel's decision not to pursue Ground Four in a post-conviction petition may well have been a strategic and practical decision guided by the firmly established legal standards governing Perez's case. Moreover, the Court sees nothing in Perez's present claims in the instant petition which would suggest that the outcome would have been different had PCRA counsel pursued Perez's claim that trial counsel's failure to argue before or during trial that the identification of Perez as the perpetrator of the crimes was unduly suggestive. (Doc. 1). Therefore, the Court finds that Ground Four of Perez's habeas petition is procedurally defaulted, unexhausted, and otherwise meritless.

Accordingly, Perez's requested relief will be denied on Ground Four.

B. CLAIMS ON THE MERITS

Perez's remaining grounds for relief include the following: (1) ineffective assistance of trial counsel for failing to investigate and call witnesses to testify on Perez's behalf; (2) ineffective assistance of trial counsel for stipulating that Perez was a person not to possess a firearm instead of seeking bifurcated trial; and (3) ineffective assistance of counsel for failing to preserve a weight of the evidence claim. (Doc. 1, at 5-8). With respect to those claims, the state courts have spoken and rejected Perez's assertions. *See Perez*, 2018 WL 1528450; *Commonwealth v. Perez*, No. 1274 MDA 2020, 2021 WL 2073903 (Pa. Super. Ct. 2021). The Court reiterates that a state court decision on the merits of an issue generally stands unless it

can be shown that the decision was either: (1) "contrary to" or involved an unreasonable application of clearly established case law, *see* 28 U.S.C. § 2254(d)(1); or (2) was "based upon an unreasonable determination of the facts, *see* 28 U.S.C. § 2254(d)(2). Applying this deferential standard of review, federal courts frequently decline invitations by habeas petitioners to substitute their legal judgments for the considered views of the state trial and appellate courts. *See Rice*, 546 U.S. at 338-39; *see also Warren*, 422 F.3d at 139-40; *Gattis*, 278 F.3d at 228.

The Sixth Amendment to the United States Constitution guarantees the right of every criminal defendant to effective assistance of counsel. CONST. amend. VI. Under federal law, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in order to survive. Specifically, to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) the performance of counsel fell below an objective standard of reasonableness; and (2) that, but for counsel's errors, the result of the underlying proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 691-92. A petitioner must satisfy both of the *Strickland* prongs in order to maintain a claim of ineffective counsel. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001).

At the outset, *Strickland* requires a petitioner to "establish first that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). This threshold showing requires a petitioner to demonstrate that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. *Jermyn*, 266 F.3d at 282. Additionally, the petitioner must demonstrate that counsel's representation fell below an

- 14 -

objective standard of reasonableness under prevailing professional norms. *Jermyn*, 266 F.3d at 282. However, in making this assessment "[t]here is a 'strong presumption' that counsel's performance was reasonable." *Jermyn*, 266 F.3d at 282 (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996)).

But a mere showing of deficiencies by counsel is not sufficient to secure habeas relief. Under the second *Strickland* prong, a petitioner also "must demonstrate that he was prejudiced by counsel's errors." *Jermyn*, 266 F.3d at 282. This prejudice requirement compels the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn*, 266 F.3d at 282. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Jermyn*, 266 F.3d at 282.

Thus, as set forth in *Strickland*, a petitioner claiming that his criminal defense counsel was constitutionally ineffective must show that his lawyer's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 689). The petitioner must then prove prejudice arising from counsel's failings. "Furthermore, in considering whether a petitioner suffered prejudice, '[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'"

*Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006) (quoting *Strickland*, 466 U.S. at 696) (internal quotations omitted).

Although sometimes couched in different language, the standard for evaluating claims of ineffectiveness under Pennsylvania law is substantively consistent with the standard set forth in *Strickland*. *See Commonwealth v. Pierce*, 527 A.2d 973, 976-77 (Pa. 1987); *see also Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (A state court decision that applied the Pennsylvania ineffective assistance of counsel test "did not apply a rule of law that contradict[ed] . . . *Strickland*," and thus "was not contrary to established Supreme Court precedent."). Accordingly, a federal court reviewing a claim of ineffectiveness of counsel brought in a petition under 28 U.S.C. § 2254 may grant federal habeas relief if the petitioner can show that the state court's adjudication of his claim was an "unreasonable application" of Strickland. *Billinger v. Cameron*, No. 08-CV-321, 2010 WL 2632286 at *4, (W.D. Pa. May 13, 2010). In order to prevail against this standard, a petitioner must show that the state court's decision "cannot reasonably be justified under existing Supreme Court precedent." *Hackett v. Price*, 381 F.3d 281, 287 (3d Cir. 2004); *see also Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (Where the state court's application of federal law is challenged, "the state court's decision must be shown to be not only erroneous, but objectively unreasonable.") (internal citations and quotations omitted).

This additional hurdle is added to the petitioner's substantive burden under *Strickland*. As the Supreme Court has observed, there is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (noting that the review

of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas"). This doubly deferential standard of review applies with particular force to strategic judgment like those thrust upon counsel in the instant case. In this regard, the Court has held that:

> "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." [*Strickland*, 466 U.S.] at 688, 104 S. Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 689, 104 S. Ct. 2052. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.*, at 690, 104 S. Ct. 2052.
>
> *Knowles*, 556 U.S. at 124.

The deference which is owed to these strategic choices by trial counsel is great.

> Therefore, in evaluating the first prong of the *Strickland* test, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* The presumption can be rebutted by showing "that the conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound."
>
> *Lewis v. Horn*, 581 F.3d 92, 113 (3d Cir. 2009) (quoting *Thomas*, 428 F.3d at 499-500) (footnote omitted).

### 1. Ground One

In Ground One, Perez asserts that his trial counsel rendered ineffective assistance of counsel by failing to investigate and call witnesses to testify on Perez's behalf. (Doc. 1, at 5). In his petition, Perez first contends:

> Trial counsel was ineffective for failing to investigate and/or call witnesses on [Perez]'s behalf that would have testified that the victim had testified falsely on numerous occasions in this case that, inter alia, that he did not previously know and spend time with [Perez]. These witnesses would have completely

impeached the credibility of the victim's testimony and were known to trial
counsel.

(Doc. 1, at 5).

As discussed above, for Perez's claim of ineffective assistance of counsel to be successful, the

performance of counsel must have fallen below an objective standard of reasonableness, and

that but for counsel's errors, the result of the underlying proceeding would have been different.

*Strickland*, 466 U.S. at 687-88. In opposition, Respondent maintains that "[t]his claim was

already examined by the PCRA court and the Superior Court and correctly found to be

without merit." (Doc. 14, ¶ 13).

On September 2, 2020, the Court of Common Pleas of Schuylkill County rejected

Perez's first claim. (Doc. 14-5, at 1-7). The court explained as follows:

> At the hearing on [Perez]'s petition for post-conviction relief, Perez testified
> that he informed his trial counsel that he had witnesses who would contradict
> Murphy's testimony that he had only met Perez once and did not know the
> other men. Perez said that he gave trial counsel a list of potential witnesses who
> would testify that Murphy knew Perez and some of his friends before the date
> of the incident and actually hung out with them. His co-defendants had entered
> guilty pleas, and he told counsel that they would be willing to testify that
> Murphy was lying. . . . He further testified that trial counsel's attempt to
> impeach Murphy's testimony was ineffective because counsel failed to contact
> and present the witnesses whose names he had given to counsel prior to trial.

(Doc. 14-5, at 3).

The court further noted that Perez's trial counsel "stated there was no trial preparation

because of [Perez]'s refusal to talk," and "insisted that Perez had never provided a list of

potential witnesses." (Doc. 14-5, at 4). Notably, the court explained:

> At trial, Markosky cross-examined Murphy by utilizing the transcript of
> Murphy's testimony at the preliminary hearing of Perez's co-defendants.
> Counsel challenged Murphy regarding why his fiancée would not have called
> the police when he left the house with three strangers. Counsel also challenged

Murphy with inconsistencies between his trial testimony ad that which he gave at Perez's preliminary hearing.

The Court does not believe that Perez provided trial counsel with a list of potential witnesses.

In his hearing testimony, Arnaldo Perez-Rodriguez testified that he is [Perez]'s brother and, if he has been asked to do so, would have testified that [Perez] was friends with Murphy before the date of the incident, that Murphy also knew Perez-Rodriguez, and that they all were friends.

Prior to Perez's trial, Perez-Rodriguez had entered a guilty plea to kidnapping and possession of a firearm, felon not to carry a firearm, and possession of methamphetamine arising from the same incident. At the hearing, he stated that if he had testified at Perez's trial, he would have refused to answer if asked whether he and Perez had kidnapped Murphy. Since he had already admitted guilt, he would not have been able to refuse to answer that question, or his testimony would have been stricken. Nor was there an explanation as to why Perez had not personally asked his brother, Perez-Rodriguez to testify, making Perez's claim that he told Attorney Markosky to call the brother even less credible.

(Doc. 14-5, at 5).

Therefore, the court concluded that Perez failed to establish a basis for relieve based upon ineffective assistance of counsel. (Doc. 14-5, at 7).

On May 24, 2021, the Superior Court of Pennsylvania affirmed the PCRA court's rejection of Perez's claim as follows:

[Perez] argues that prior to trial, he provided trial counsel with the names of several individuals who were available and willing to testify on his behalf. However, at the PCRA hearing, the Commonwealth presented the testimony of trial counsel, who insisted that [Perez] neither identified any witnesses that would be helpful to the defense nor directed trial counsel to investigate any potential witnesses. On the contrary, trial counsel testified that [Perez] refused to discuss the case when trial counsel had visited him in the county prison. Trial counsel indicated that [Perez] eventually began to discuss trial strategy when he was faced with a last-minute ultimatum to accept a particular plea agreement offer or go to trial.

> While [Perez] claims that he gave trial counsel a list of potential witnesses that could testify on his behalf, the PCRA court found that this assertion was not credible. We will not disturb the credibility findings of the PCRA court, which are supported by the record. *Selenski, supra.* Moreover, [Perez] does not attempt to develop any analysis on appeal to identify these witnesses, argue that they were willing and available to testify on his behalf, or allege how the absence of their testimony resulted in prejudice such that he was denied a fair trial. *See Treiber, supra.* "When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, 'he is not entitled to relief, and we are constrained to find such claims waived for lack of development.' " *Commonwealth v. Fears,* 624 Pa. 446, 461, 86 A.3d 795, 804 (2014). As such, this claim of ineffectiveness fails.

*Perez,* 2021 WL 2073903, at *3.

This Court further finds that the state court's conclusion regarding trial counsel's testimony that Perez failed to identify any witnesses that would be helpful to the defense or meaningfully develop the ineffectiveness claim as entirely reasonable. Perez has not identified any decision of the state courts which is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Court finds that the decisions by the PCRA court and Superior Court did not represent an unreasonable application of Supreme Court precedent. 28 U.S.C § 2254(d)(1). Perez, therefore, does not meet his burden of proving ineffective assistance of counsel on this claim.

Accordingly, habeas relief is denied on Ground One.

### 2. **Ground Two**

In Ground Two of the petition, Perez avers that his trial counsel rendered ineffective assistance of counsel by stipulating that Perez was a person not to possess a firearm instead of seeking bifurcated trial. (Doc. 1, at 6). Perez asserts the following:

> Without consulting [Perez], trial counsel agreed to make a stipulation in front of the jury that [Perez] was a person who was not allowed to possess a firearm. Pennsylvania law states [Perez] should have received a separate or bifurcated trial on the possession of gun charges that require evidence of a previous criminal history.

(Doc. 1, at 6).

In opposition, Respondent maintains that "[t]his claim was already addressed by the PCRA court and the Superior Court and correctly found to be meritless." (Doc. 14, ¶ 14).

On September 2, 2020, the Court of Common Pleas of Schuylkill County rejected Perez's second claim. (Doc. 14-5, at 1-7). The court explained that Perez "testified that he was not consulted about stipulating that he was a person not to possess a firearm. He believes that stipulation to have been an admission of guilt to one of the charges and tainted the jury against him. He said he would not have consented to the stipulation if asked." (Doc. 14-5, at 3). The court found that Perez's trial counsel "gave a credible and reasonable explanation, consistent with solid trial strategy, why he stipulated that Perez was not permitted to possess a firearm. The stipulation avoided the Commonwealth informing the jury about [Perez]'s prior convictions for felony drug charges." (Doc. 14-5, at 5-6). Therefore, the court found that Perez failed to establish a basis for PCRA relief based upon ineffective assistance of counsel. (Doc. 14-5, at 7). It appears that Perez did not appeal the denial of this claim for review by the Superior Court. *Perez*, 2021 WL 2073903.

Against this state court backdrop, Perez has failed to present evidence that these determinations were contrary to clearly established case law or were "based upon an unreasonable determination of the facts." *See* 28 U.S.C. § 2254(d)(2). Therefore, the Court finds that this claim has failed to meet the standards required for habeas relief.

Accordingly, habeas relief is denied on Ground Two.

### 3. Ground Three

In Ground Three of the petition, asserts that his trial and appellate counsel rendered ineffective assistance of counsel by failing to preserve a weight of the evidence claim. (Doc. 1, at 8). Perez contends:

> On direct appeal, appellate counsel argued that the victim's inconsistent statements and testimony resulted in insufficient evidence to sustain the verdict. The Superior Court said this was a weight of the evidence claim that had not been preserved properly by trial or appellate counsel and was therefore waived.

(Doc. 1, at 8).

In opposition, Respondent maintains that "[t]his claim was already addressed by the PCRA court and the Superior Court and correctly found to be meritless." (Doc. 14, ¶ 15).

On March 29, 2018, the Superior Court rejected Perez's claim as follows:

> First, [Perez] argues that the evidence was insufficient to sustain his convictions. Specifically, [Perez] asserts that Victim's testimony was too inconsistent and unreliable to justify a conviction on any of the charges. For example, [Perez] points out that when Victim testified at his preliminary hearing, he stated that his kids and fiancé were home throughout the ordeal, whereas at [Perez]'s trial, Victim testified that they were not home. [Perez] also contends that Victim's testimony at trial was peculiar in that his fiancé observed Victim leaving their home with three strange men when she returned home from work, but did not call the police.
>
> These arguments challenge the weight of the evidence, not its sufficiency. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness'[ ] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence") (citations omitted). The differences between a challenge to the weight and a challenge to the sufficiency of the evidence, as our Supreme Court explained them in *Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000), are as follows:

The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, *Tibbs v. Florida*, 457 U.S. 31 (1982); *Commonwealth v. Vogel*, 461 A.2d 604 (Pa. 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. *Id.*

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 333 A.2d 876 (Pa. 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers*, 599 A.2d 630 (Pa. 1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman*, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. *Tibbs*, 457 U.S. at 38 n.11.

*Widmer*, 744 A.2d at 751–52 (citations modified). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Lewis*, 911 A.2d 558, 566 (Pa. Super. 2006) (quoting *Commonwealth v. Hunzer*, 868 A.2d 498, 507 (Pa. Super. 2005)).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 281–82 (Pa. Super. 2009) (finding that a sufficiency claim raising weight of the evidence arguments would be dismissed). Therefore, [Perez] is not entitled to any relief on his challenge to the sufficiency of the evidence of his convictions.

Moreover, an appellant must preserve a challenge to the weight of the evidence before the trial court either at sentencing or in a post-sentence motion. Pa. R.

Crim. P. 607(A); *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014). Here, [Perez] failed to properly preserve a challenge to the weight of the evidence through an oral or written post-sentence motion. Thus, even had [Perez] properly raised and argued a challenge to the weight of the evidence, he still would not be entitled to relief.

Second, [Perez] argues that he was "unduly prejudiced" by the testimony of Officer David Stamets of the Shenandoah Police Department ("Officer Stamets"), who interviewed Victim after he reported his kidnapping to the police. Specifically, [Perez] takes issue with Officer Stamets referring to him as "Montana," his nickname. [Perez] maintains that the trial court should have offered a curative instruction after it sustained his objection to the officer's use of his nickname.

We conclude that [Perez] has failed to preserve this issue for appellate review. At trial, the trial court sustained defense counsel's objection to Officer Stamets referring to [Perez] as "Montana." N.T., 8/24/17, at 105–06. Defense counsel, however, failed to request a mistrial or curative instruction. *Id.* Because [Perez] did not specifically request a mistrial or a curative instruction, his argument is waived on appeal. *Commonwealth v. Sandusky*, 77 A.3d 663, 670 (Pa. Super. 2013) (noting that "[e]ven where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver"); *see also Commonwealth v. Brown*, 134 A.3d 1097, 1107 (Pa. Super. 2016), *appeal denied*, 145 A.3d 161 (Pa. 2016) (same).

Moreover, even had [Perez] properly preserved this issue, it is entirely unclear, either from the certified record or his appellate brief, in what manner he contends that he was prejudiced by Officer Staments referring to him as "Montana." [Perez]'s brief provides no explanation relating to his assertion of prejudice. Accordingly, [Perez] is not entitled to relief on his second issue.

*Perez*, 2018 WL 1528450, at *2-3.

On September 2, 2020, the Court of Common Pleas of Schuylkill County rejected

Perez's weight of the evidence claim in his second PCRA petition as follows:

Attorney Markosky acknowledged that Perez wanted to appeal, but denied any discussion specifically regarding any particular issue to be raised, including the weight of the evidence. Counsel argued on appeal that Murphy's testimony at trial, when compared to his testimony at the preliminary hearing of his assailants was too inconsistent to justify a conviction. Although counsel couched this issue as a challenge to the sufficiency of the evidence, the Superior Court noted that it was actually a challenge to the weight of the evidence, citing

to *Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014), and *Commonwealth v. Trinidad*, 96 A.3d 1032, 1038 (Pa. Super. 2014). The Superior Court found that Attorney Markosky failed to preserve a challenge to the weight of the evidence by raising it before the trial court pursuant to Pa. R. Crim. P. 667(A).

To be entitled to post-conviction relief, a petitioner must show (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's action or inaction. *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121 (2012). There is no arguable merit to this issue. Even if trial counsel had preserved the weight of the evidence challenge, such a challenge would need to demonstrate that the evidence was so weighted in favor of acquittal that the guilty verdict shocks one's sense of justice. *Commonwealth v. Lyns*, 622 Pa. 91, 79 A.3d 1053, 1067 (2013), *cert. denied*, 572 U.S. 1048, 134 S. Ct. 1792, 188 L.Ed.2d 761 (2014). Such was not the case instantly.

Discrepancies between Murphy's testimony at trial and his testimony at the preliminary hearings over what time the children of his fiancée arrived at the residence were not material. Had trial counsel filed a post-sentence motion alleging that the verdict was against the weight of the evidence, it would have been denied.

[Perez] has failed to establish a basis for relief based upon ineffective assistance of counsel.

(Doc. 14-5, at 6-7).

Affirming the rejection of Perez's second PCRA petition, the Superior Court found that Perez had not shown that the underlying challenge to the weight of the evidence had arguable merit. *Perez*, 2021 WL 2073903, at *4. The Superior Court explained as follows:

[Perez]'s weight of the evidence argument is grounded in the theory that the jury should not have believed the victim's "convoluted" testimony. [Perez]'s Brief, at 13. However, he does not specifically argue how exactly the victim's testimony was contradictory as other than attempting to rely on alleged evidence and testimony which he claims could have potentially been presented in his defense.

In reaching its verdict to convict [Perez] of the offenses at issue, the jury was "free to believe all, part, or none of the evidence presented." *Commonwealth v. Mosley*, 114 A.3d 1072, 1087 (Pa.Super. 2015) (citations omitted). This Court will not reassess the credibility of the witnesses, as that task is within the

exclusive purview of the fact-finder. *Commonwealth v. Hankerson*, 118 A.3d 415, 420 (Pa.Super. 2015) (citations omitted).

As [Perez] has not shown that his proposed weight of the evidence challenge had arguable merit, he did not meet the first prong of the ineffectiveness test. "Counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 624 Pa. at 461, 86 A.3d at 804 (quoting *Commonwealth v. Washington*, 592 Pa. 698, 927 A.2d 586, 603 (2007) (citations omitted)). Accordingly, this claim of ineffectiveness also fails.

*Perez*, 2021 WL 2073903, at *5.

Here, Perez had not shown that habeas relief is warranted on this ground. Under the deferential standard mandated by § 2254(d)(1), the Court may only grant Perez's habeas relief upon finding that the state court decisions involved an unreasonable application of *Strickland*. Because the weight of the evidence ineffectiveness claim was adjudicated on the merits in state court, the Court's "review is 'doubly deferential:' the state court was obligated to conduct deferential review of counsel's performance and [this Court] must give deference to the state court rulings under AEDPA." *Showers v. Beard*, 635 F.3d 625, 629 (3d Cir. 2011). Notably, Perez does not present any argument or explanation as to why the state courts' findings are contrary to established law or unreasonable. Given the Court's doubly deferential review of the state court decision, Perez has not demonstrated in a non-conclusory fashion that any prejudice resulted from the waiver of the weight of the evidence claims. Further, Perez's trial and appellate counsel, even though they effectively waive these claims, cannot be found ineffective for failing to pursue this meritless argument.

Accordingly, habeas relief is denied on Ground Three.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a

proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Additionally, as the Supreme Court has explained,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

> *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the case at bar, jurists of reason would not find the disposition of this case debatable. Therefore, Perez fails to demonstrate that a COA should issue.

## V.   CONCLUSION

Based on the foregoing, Perez's petition (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2254, a COA will not issue, and the Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

BY THE COURT:

Dated: January 4, 2023        *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**

- 27 -